JACKSON, et al. *v.* MOSBY TRUCK SERVICE, INC., et al.

No. 42271          April 16, 1962          139 So. 2d 832

*Fancher & Fancher,* Canton; *Howie, Howie & Montgomery, Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellants.

*Nelson Cauthen,* Canton; *Lipscomb & Barksdale,* Jackson, for appellees.

McGEHEE, C. J.

The appellants, who are the parents, brothers and sisters of Doris Jackson, deceased, brought this suit to recover damages for personal injuries to deceased, in the Circuit Court of Madison County, Mississippi, against the appellees Mosby Truck Service, Inc., and Ivory Chambers, driver of the truck which collided with the automobile in which Doris Jackson was riding when she was killed.

The proof discloses that about 10:30 P. M. on November 18, 1960, Doris Jackson, the deceased, was a passenger in an automobile which was being driven north by her mother on the east paved lane of U. S. Highway 51 a short distance north of Tougaloo in Hinds County, Mississippi, when it is alleged that ''suddenly and without warning'', the corporate defendant's truck, driven by its agent and servant Ivory Chambers, struck the rear end of the car occupied by the deceased, the front end of the truck striking the rear end of the car with a tremendous blow, and knocking it off the highway and injuring the said Doris Jackson so severely that she subsequently died as a result of the said accident. The declaration then sets forth in some detail the duty of the defendants to have kept the truck under reasonable and proper control, to obey the rules of the road, to drive at a reasonable speed, and to keep a reasonable and proper lookout ahead, etc.

The proof on behalf of the appellees was to the effect that the automobile in which Doris Jackson was riding, upon leaving a nearby filling station, had suddenly, negligently, and without warning or signal turned from the east shoulder of the highway onto the paved portion thereof directly in front of the truck driven by the defendant Chambers, and that the turning of the automo-

bile from a direct course without giving a proper and lawful signal of the driver of the car to make such a turn, was the sole proximate cause of the collision and injuries.

Ivory Chambers testified in effect, and we quote a summary of his testimony taken from the appellants' brief, with reference to the action of the automobile in which Doris Jackson was riding, the following: "It gradually went off the road, and he (Chambers) thought it was going to stay off, but it came back on the highway, passed the barricade and went off on the shoulder again. He testified he thought it was going to stay off but when it pulled back on 'I didn't have time to do anything but try to stop, and that's all I could do, put on my brakes'."

It seems to have been the theory of the defendant Ivory Chambers that there was a small fence that went down to the paved highway about 400 feet north of the Site Gas Station at which the car in which Doris Jackson was riding had theretofore stopped, and that there were some piles of gravel on the shoulder of the highway shortly north of the little fence or barricade, and that the car in which Doris Jackson was riding had endeavored to go back on the highway by going around the end of the little fence, and then again coming back onto the paved highway to avoid the piles of gravel, which are not plainly visible from an examination of the photographs, and that the truck driven by Ivory Chambers was then so near the automobile (about 25 feet away) that it was impossible for him to stop and avoid the collision.

In other words, the testimony as to whether the truck had time to avoid colliding with the car ahead was conflicting and presented an issue of fact for the jury.

The driver of the truck did not blow a horn to warn the automobile of his approach from the rear thereof and the jury could have believed that his failure to do so was the sole proximate cause of the collision, but the jury evidently did not so believe. Moreover, the plaintiffs did not request or obtain an instruction that it was the duty

of the driver of the truck to have warned the plaintiffs of his approach by sounding a horn, as the law requires.

A careful reading of the record discloses that the testimony regarding the happening of the accident was in conflict and the Court here is of the opinion that an issue of fact was presented for the decision of the jury, and the Court is unable to say that the verdict was against the overwhelming weight of the testimony. The verdict and judgment in favor of the defendants must therefore be affirmed.

Affirmed.

*Ethridge, Gillespie, McElroy, and Jones, JJ.,* concur.